**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1773 PSG (DTBx) | Date | June 18, 2010 |
|---|---|---|---|
| Title | San Bernardino City Professional Firefighters *et al.* v. City of San Bernardino *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order GRANTING in Part and DENYING in Part Defendant Conrad's and Defendant Fratus's Motion to Dismiss**

Before the Court is Defendant Conrad's and Defendant Fratus's motion to dismiss Plaintiffs' complaint.  The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS in part and DENIES in part the motion.

I.     Background

Plaintiff San Bernardino City Professional Firefighters, Local 891 (the "Union") represents San Bernardino City Fire Department employees holding the rank of Captain and lower.[1]  Plaintiff Nathan Lopez ("Lopez") is a San Bernardino firefighter who is active in the Union.

On March 11, 2010, Lopez and the Union (collectively, "Plaintiffs") filed this suit against the City of San Bernardino, the San Bernardino City Fire Department, Fire Chief Michael Conrad ("Conrad"), Deputy Fire Chief Mat Fratus ("Fratus"), and Battalion Chief Denis Moon ("Moon") (collectively, "Defendants").  Plaintiffs' complaint asserts claims under 42 U.S.C. § 1983 for 1) violation of the First Amendment right to freedom of association, 2) violation of the

---

[1] The facts in this Background are based on Plaintiffs' complaint.  Except as noted, they are not in dispute on the present motion.

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1773 PSG (DTBx) | | Date | June 18, 2010 |
|---|---|---|---|---|
| Title | San Bernardino City Professional Firefighters *et al.* v. City of San Bernardino *et al.* | | | |

First Amendment right to freedom of speech, and 3) violation of the Fourteenth Amendment's equal protection clause, as well as a claim for 4) violation of California Labor Code provisions concerning an employee's right to engage in political activity (Labor Code §§ 1101, 1102, 1102.5).

Plaintiffs' claims are based on allegations that Defendants engaged in anti-Union practices, punished Fire Department employees who desired to aid the Union, and retaliated against Union members for filing complaints against them.  Defendant Moon, for example, allegedly warned Plaintiff Lopez that he would not likely be promoted if he continued participating in the Union, then retaliated against Lopez in various ways after Lopez filed a complaint about Moon's conduct.

On May 4, 2010, Defendants Conrad and Fratus filed this motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.      Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis.  *See id.* at 1950.  First, the Court must accept as true all non-conclusory, factual allegations made in the complaint.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen*

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1773 PSG (DTBx) | Date | June 18, 2010 |
|---|---|---|---|
| Title | San Bernardino City Professional Firefighters *et al.* v. City of San Bernardino *et al.* | | |

*Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009).  Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief.  *See Iqbal,* 129 S. Ct. at 1950.  Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal.  *See id.*

III.     Discussion

      A.     Plaintiffs' First, Second, and Third Causes of Action Against Defendant Conrad

      Defendants contend that Plaintiffs' first, second, and third causes of action against Defendant Conrad fail to satisfy the pleading standards set forth in *Ashcroft v. Iqbal*.  According to Defendants, Plaintiffs fail to plead specific factual allegations against Conrad and instead offer only conclusory allegations.  The Court disagrees.  In fact, Plaintiffs allege that Defendant Conrad participated in unlawful retaliation against Plaintiff Lopez by providing Defendant Moon with a copy of a complaint Lopez filed with the Union concerning Moon's alleged misconduct, when "the normal process for administrative investigations by the City is to keep the complaint confidential until . . . the focus employees are interviewed."  *See Compl.* ¶ 28.  This is a non-conclusory, factual allegation.  Assuming its truth, as the Court must on this motion, the Court finds that Plaintiffs have stated a "plausible" claim for relief against Defendant Conrad.  *See Iqbal,* 129 S. Ct. at 1950.

      B.     Plaintiffs' First, Second, and Third Causes of Action Against Defendant Fratus

      Defendants also argue that Plaintiffs' first, second, and third causes of action against Defendant Fratus fail to satisfy *Iqbal's* pleading standards.  This time the Court agrees.  The only allegation relating to Defendant Fratus that is not boilerplate is that

      Conrad, Fratus, Moon and/or other members of the Fire Department management staff have continually contacted members of the Union and spoke [sic] negatively about the Union and its leadership in order to undermine the Union and to divide the support for the Union.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1773 PSG (DTBx) | Date | June 18, 2010 |
|---|---|---|---|
| Title | San Bernardino City Professional Firefighters *et al.* v. City of San Bernardino *et al.* | | |

*See Compl.* ¶ 31.  The Court, however, finds these allegations too vague and conclusory to support a "plausible" claim for relief against Defendant Fratus.  *See Iqbal*, 129 S. Ct. at 1950.[2] Accordingly, the Court dismisses Plaintiffs' first, second, and third causes of action against Defendant Fratus with leave to amend.

      C.      <u>Plaintiffs' Fourth Cause of Action Against Defendants Conrad and Fratus</u>

Finally, Defendants argue that Plaintiffs' fourth cause of action against both Defendant Conrad and Defendant Fratus fails because the California Labor Code provisions under which Plaintiffs bring the claim—i.e., Labor Code §§ 1101, 1102, and 1102.5—impose liability only on "employers," not on individual supervisors.[3]  The Court agrees.  The plain language of the Labor Code provisions at issue clearly indicates that the provisions are meant to establish prohibited activity by employers, not individuals.  *See, e.g.,* Labor Code § 1101 ("No *employer* shall . . . .") (emphasis added); *see also Vierra v. California Highway Patrol*, 644 F. Supp. 2d 1219, 1244 (E.D. Cal. 2009) (explaining that Labor Code § 1102.5 is "meant to establish

---

[2] Plaintiffs argue that *Iqbal's* pleading standards only apply to suits against high officials of the United States government and to *Bivens* actions.  *See Opp'n*  4:27-28.  Plaintiffs cite no authority for this proposition, however, and the Court rejects it.

[3] Section 1101 provides that "[n]o employer shall make, adopt, or enforce any rule, regulation, or policy: (a) [f]orbidding or preventing employees from engaging or participating in politics or from becoming candidates for public office [or] (b) [c]ontrolling or directing, or tending to control or direct the political activities or affiliations of employees."  Labor Code § 1101.
Section 1102 provides that "[n]o employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity."  Labor Code § 1102.
Section 1102.5 provides that, *inter alia*, "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."  *See* Labor Code § 1102.5(b).

---

**CIVIL MINUTES - GENERAL**

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1773 PSG (DTBx) | Date | June 18, 2010 |
|---|---|---|---|
| Title | San Bernardino City Professional Firefighters *et al.* v. City of San Bernardino *et al.* | | |

prohibited activity by employers, rather than individuals"). Plaintiffs offer no authority to support their contention that language elsewhere in the Labor Code stating that "[n]o *person* shall . . . discriminate against any employee" (in a manner contemplated by the provisions at issue) compels a different result. *See Opp.* 7:8-14 (quoting Labor Code § 98.6) (emphasis added). Accordingly, the Court dismisses Plaintiff's fourth cause of action as against Defendants Conrad and Fratus without leave to amend. *See Reddy v. Litton Indus.,* 912 F.2d 291, 296 (9th Cir. 1990) (indicating that leave to amend need not be granted where amendment would be "futile").

IV.     Conclusion

        For the foregoing reasons, the Court DENIES Defendants' motion to dismiss Plaintiffs' first, second, and third causes of action against Defendant Conrad.

        The Court GRANTS Defendants' motion to dismiss Plaintiffs' first, second, and third causes of action against Defendant Fratus with leave to amend. The deadline for amending those claims is **July 9, 2010**. Failure to amend by that date will result in dismissal of the claims with prejudice.

        The Court GRANTS Defendants' motion to dismiss Plaintiffs' fourth cause of action against Defendants Conrad and Fratus without leave to amend.

        **IT IS SO ORDERED.**

| Initials of Preparer | ljw for wkh |
|---|---|